# Engagement Agreement

*1. Scope of the Engagement.* ___Winne Ayers___ ("the client") retains the services of Williams & Williams, PLLC ("the attorney") to pursue claims against the Jackson Police Department ("the defendant") for failing to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). The client understands that Williams & Williams, PLLC may associate other counsel to assist it in pursuing this case as a collective action.

*2. Contingency Fee Agreement.* The client has no obligation to pay any legal fee if nothing is recovered. If damages (unpaid overtime, liquidated damages and/or interest) are recovered by way of settlement or judgment, then the attorneys will first be reimbursed for any out of pocket expenses as discussed in Paragraph 3.

*3. Expenses.* The attorneys will advance out-of-pocket expenses such as the $350 filing fee, court reporters' fees for depositions, process servers' fees, copying costs, postage, mileage expenses, expert witness fees and any other incidental out-of-pocket expense. If a recovery is made, the attorneys will first be reimbursed for all out-of-pocket expenses paid *before* the net recovery is split on the 60-40 basis.

*4. 60/40 Split of Net Recovery of Damages.* The net recovery will then be split with the client receiving 60% and the attorneys receiving 40%.

*5. Court Awarded Legal Fees.* If a judgment from the court (or settlement) identifies legal fees as a separate item from any recovery of damages as defined in ¶ 2 then the attorneys will receive them in addition to their 40% of the recovery. However, the attorneys agree to reduce their 40% of the damages if necessary to make the total legal fees mo more than 2.5 times an hourly rate of $275 per hour. The potential of an enhanced hourly rate is to compensate the attorneys for the risk of taking the case on a contingency basis.

_____  _____
Client           Date                    Williams & Williams         Date

